**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jacques Farr,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et. al.,<br><br>    Respondent. | No. CV-14-02128-PHX-SRB<br><br>**ORDER** |

The Court now considers Petitioner Jacques Farr's ("Petitioner") pro se Amended Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Doc. 5, Am. Pet.) The matter was referred to Magistrate Judge Michelle H. Burns for a Report and Recommendation. The Magistrate Judge filed her Report and Recommendation recommending that the Amended Petition be denied and dismissed with prejudice. (Doc. 77, R. & R.) She further recommended denying a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner timely objected. (*See* Doc. 80, Obj. to R. & R. ("Obj.").) Having reviewed the record de novo, the Court adopts the Report and Recommendation and denies and dismisses the Amended Petition with prejudice.

**I. BACKGROUND**

The background of this case was thoroughly summarized in the Report and Recommendation and is incorporated herein:

Petitioner was convicted in Maricopa County Superior Court of one count of theft, one count of theft of a means of transportation, and one count of trafficking in stolen property, and was sentenced to a 3.5-year term of imprisonment.

The Arizona Court of Appeals described the facts of this case as follows:

¶2 During the fall of 2009, Farr agreed to help D.W.[] move out of a house where D.W. was staying. Before doing so, Farr took D.W. (who was on parole) to a parole office where D.W. was taken into custody. D.W. surrendered his keys and wallet to the parole officer, asking the parole officer to tell Farr to take them to Frank Meadows, who owned the house where D.W. had been staying. When Farr went to Meadows' house with a friend, he took all of D.W.'s belongings.

¶3 In the first part of 2010, Farr sold D.W.'s 1991 Chevy pickup truck to R.S.R. for $1,000. The title had D.W.'s signature notarized on the seller section, but that signature did not match D.W.'s actual signature.

¶4 In May 2013, the State charged Farr in a direct complaint with count one, theft of means of transportation, a Class 3 felony; count two, trafficking in stolen property in the second degree, a Class 3 felony, and count three, theft, a Class 6 felony. After failed plea negotiations, the State charged Farr by indictment with the same three offenses. Before trial, while represented by counsel, Farr filed several pro se motions. Other than granting a pro se motion to change counsel, the superior court summarily denied all of Farr's pro se motions.

¶5 During a five-day trial in April and May 2014, the State presented six witnesses: D.W.; R.S.R.; the person who helped Farr move D.W.'s possessions out of Meadows' house; Meadows and two detectives. The day after R.S.R. testified, the State moved to amend the indictment to conform to the evidence presented concerning the date range for the sale of the truck to R.S.R. See Ariz. R. Crim. P. 13.5(b) (2016).[] Over Farr's objection, the superior court allowed the amendment as it was consistent with the trial evidence and encompassed the general time frame of the indictment.

¶6 After the State rested, Farr presented two witnesses: the notary who witnessed the signature on the title and a friend who saw the transaction; Farr also elected to testify on his own behalf. Farr testified that, after he helped D.W. with a problem, D.W. sold Farr the truck for $500. Farr testified that D.W. signed the title, and his signature was notarized, before D.W. was taken into custody, leaving the buyer line of the title blank.

¶7 After final instructions and closing argument, the jury deliberated and found Farr guilty as charged and found, for the theft verdict, that Farr controlled property valued at $1,000 or more. At sentencing, after a proper colloquy, Farr admitted a prior felony conviction from 1989. After considering the presentence report and hearing from counsel as well as Farr, his father, wife and son, the superior court sentenced Farr to presumptive concurrent sentences of 3.5 years in prison for counts one and two and 1 year in prison for count three.

*State v. Farr*, No. 1 CA-CR-15-0421, 2016 WL 1425804, at *1 (Ariz. Ct. App. April 12, 2016)).

On direct appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she had searched the record, but found no arguable question of law that is not frivolous, and asking the court to examine the record for reversible error. (Exh. K.) Thereafter, Petitioner filed a pro se "supplemental brief" alleging the following claims: (1) that the court erred in its denial of pre-trial pro se motions; (2) that the State failed to present exculpatory evidence to the grand jury; (3) that his right to a speedy trial was violated; (4) that the court erred by allowing the State to amend the indictment; (5) that he was denied due process by pre-indictment delay; (6) that D.W. should not have been allowed to testify as he was incompetent; (7) that the court erred in giving jury instructions regarding the notary public; (8) that the court erred in not allowing the release of defendant pending appeal; (9) that the court erred by allowing defendant to be cross-examined with his prior conviction; (10) that the court erred by failing to consider the special action as a writ of habeas corpus; (11) that his trial counsel was ineffective; and (12) that there was insufficient evidence to support his convictions and that he is actually innocent. (Exhs. L, M.)

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on April 12, 2016. (Exh. M.) The Arizona Supreme Court denied the petition for review on August 22, 2016. (Exh. M.)

The record reflects that on May 3, 2016, Petitioner filed a notice of post-conviction relief. (Exh. N.) Defense counsel filed a notice of completion of post-conviction review informing the court that after completing review of the record, he was unable to find any meritorious claims for relief in which to raise in post-conviction relief proceedings. (Exh. O.) Counsel also requested an extension of time for Petitioner to file a pro se PCR petition. (Exh. O.)

On December 29, 2016, Petitioner filed a pro se PCR petition alleging the following claims: (1) denial of pre-trial pro se motions; (2) failure of the state to present exculpatory evidence to the grand jury; (3) violation of speedy trial right (4) amendment of the indictment during trial; (5) pre-indictment delay; (6) incompetent witness permitted to testify at trial; (7) jury instructions regarding notary public; (8) failure to allow release of defendant pending appeal; (9) use of defendant's prior conviction for impeachment; (10) denial of October 2014 special action complaint; (11) ineffective assistance of trial counsel in that "Every Court appointed lawyer did absolutely nothing to insure that the rights of the Petitioner was [sic] protected or enforced," and [failed to] present evidence of a Craigslist ad and satellite image of the pick-up truck from October 2009; and (12) insufficiency of evidence and actual innocence. (Exhs. P, R.)

On June 12, 2017, the state court dismissed the petition finding that grounds one through ten and twelve were precluded pursuant to Rule 32.2. As to the ineffective assistance claim alleged in ground eleven, the court found that Petitioner failed to state a colorable claim for relief. (Exh. R.) Petitioner did not file a petition for review in the Arizona Court of Appeals. (Doc. 59.)

In his Amended Petition, Petitioner names Charles L. Ryan as

- 3 -

Respondent and the Arizona Attorney General as an Additional Respondent. (Doc. 5.) Petitioner alleges five grounds for relief. In Ground One, Petitioner alleges that his rights to due process and right to a speedy trial were violated, in violation of the Sixth and Fourteenth Amendments. In Ground Two, Petitioner alleges that the State committed prosecutorial misconduct, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. In Ground Three, Petitioner alleges that he received the ineffective assistance of counsel. In Ground Four, Petitioner alleges that he was prosecuted in a 'biased and unfair venue.' In Ground Five, Petitioner appears to allege that the grand jury process in his case was defective, stating that it was an 'unqualified/illegal grand jury.'

In their Answer, Respondents argue that Ground One fails on the merits, Grounds Two and Three are procedurally defaulted, and Grounds Four and Five are not cognizable in federal habeas proceedings.

(R. & R. at 1–4 (footnotes omitted).)[1]

The Report and Recommendation agreed with Respondents and concluded that Ground One lacked merit, Grounds Two and Three were procedurally defaulted, and Grounds Four and Five were not cognizable in federal habeas proceedings. The Magistrate Judge recommended that the Court deny and dismiss the Amended Petition with prejudice, and deny a Certificate of Appealability. (R. & R. at 20.) Petitioner timely filed his Objections, which includes a request for an evidentiary hearing. (*See* Obj.)

## II. LEGAL STANDARDS AND ANALYSIS

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For those portions of a Magistrate Judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress . . . intended to require a district judge to review a

---

[1] In his Reply, Petitioner argues, among other things, that his court-appointed counsel: (1) refused to submit potentially exculpatory evidence to the court, (2) failed to obtain documents containing potentially exculpatory evidence, (3) failed to spend adequate time preparing his case, and (4) demonstrated overt disdain toward him (Doc. 74, Reply to Answer at 4, 6, 9–10.)

magistrate's report to which no objections are filed."); *see also Reyna–Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise.").

Petitioner brings this action pursuant to 28 U.S.C. § 2254. (Am. Pet. at 1.) Petitioner objects to the Report and Recommendation on several grounds: (1) the Magistrate Judge failed to consider the various failures of Petitioner's court-appointed counsel; (2) the Magistrate Judge failed to recognize that Petitioner's due process rights were violated by lengthy delays in the appeals process and a conviction secured in violation of the Sixth and Fourteenth Amendments; (3) the Magistrate Judge failed to recognize prosecutorial misconduct; and (4) the Magistrate Judge failed to recognize abuse of judicial discretion. (Obj. at 3–13.)

**A. Ground One**

Petitioner alleges that the State violated his Sixth and Fourteenth Amendment rights to due process and a speedy trial. (Am. Pet. at 6; R. & R. at 9.) Petitioner alleges that the State intentionally delayed the prosecution to obtain a tactical advantage, which resulted in substantial prejudice to Petitioner. (Am. Pet. at 6.) Petitioner alleges that as a result of the State's inexplicable delay, he was unable to recall details surrounding the events at issue, which harmed his defense. (*Id.*) The Arizona Court of Appeals denied Petitioner's due process and speedy trial claims on direct review. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner is not entitled to habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Andriano v. Ryan*, No. CV-16-01559-PHX-SRB, 2018 WL 4148865, at *2 (D. Ariz. Aug. 30, 2018) (citing 28 U.S.C. § 2254(d)). "An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Under § 2254(d), the standard for evaluating state court rulings is highly deferential and

requires that state court rulings be given the benefit of the doubt. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citing *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). The standard is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

With respect to Petitioner's Sixth Amendment speedy trial and pre-indictment delay claims,[2] the Magistrate Judge concluded that the state court's determination was not contrary to or an unreasonable application of state law. (R. & R. at 12.) Petitioner's objections concerning both claims are vague at best: "[o]nly by way of numerous violations of Petitioner's federally protected constitutional rights under the Sixth and Fourteenth Amendments was the State of Arizona able to manipulate a conviction." (Obj. at 9.) Nevertheless, the Court will consider Petitioner's speedy trial and pre-indictment delay claims as laid out in Ground One. (*See* Am. Pet. at 6.)

In *Barker v. Wingo*, the Supreme Court explained that "the nature of the speedy trial right does make it impossible to pinpoint a precise time in the process when the right must be asserted or waived." 407 U.S. 514, 527 (1972). *Barker* established a "balancing test" that weighs the conduct of "both the prosecution and the defendant." *Id.* at 530. Some of the factors to be weighed include: (1) the length of and reasons for delay; (2) the defendant's assertion of his right; (3) and the prejudice to the defendant as a result of the delay. *See, e.g.*, *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009).

"[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) (citing *Barker*, 407 U.S. at 530–31). Prejudice is normally presumed if the delay in bringing the defendant to trial "approaches one year"; there is no need to engage the remaining *Barker* factors until that one-year threshold is met. *Doggett*, 505 U.S. at 652 n.1; *see also United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (citation omitted) (stating that courts have generally found delays approaching one year to be

---

[2] "The Sixth Amendment's provision of a 'right to a speedy and public trial . . .' applies to state court proceedings pursuant to the Fourteenth Amendment." (R. & R. at 11 (citations omitted).)

- 6 -

"presumptively prejudicial").[3] Petitioner's trial began on April 30, 2014—342 days after the State filed a direct complaint.[4] (R. & R. at 12 (citing *State v. Farr*, No. 1 CA-CR 15-0421, 2016 WL 1425804, at *3 (Ct. App. Ariz. Div. 1 Apr. 12, 2016)).) Yet even treating Petitioner's delay as "approach[ing] one year" and therefore "presumptively prejudicial," upon application of the *Barker* factors, the Court finds no violation of Petitioner's constitutional rights because Petitioner has not demonstrated actual prejudice.

First, the Report and Recommendation notes that the reasons for delay were neither deliberate nor sufficiently prejudicial to hamper Petitioner's defense: "the trial court continued an early January 2014 trial date when it granted Petitioner's pro se motion for change of counsel two days before trial," and "the court continued on another occasion when the State had a trial conflict." (R. & R. at 12.) Second, Petitioner asserted his right only two days before the trial began. (*Id.*) Third, Petitioner fails to establish prejudice suffered as a result of the delay, making only vague assertions concerning loss of memory and evidence.[5] *See, e.g.*, *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice.").[6]

With respect to Petitioner's pre-indictment delay claim, the Court agrees with the Magistrate Judge's findings that the state court's determination was not contrary to nor an unreasonable application of federal law. (*See* R. & R. at 13.) "Protection from pre-

---

[3] The Report and Recommendation effectively summarized the level of weight that is accorded to each type of delay:
Deliberate delay "to hamper the defense" weighs heavily against the prosecution. *Barker*, 407 U.S. at 531. "[M]ore neutral reason[s] such as negligence or overcrowded courts" weigh less heavily "but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* Additionally, because defense counsel is defendant's agent, delay caused by the defendant's counsel is charged against the defendant. *See Brillon*, 556 U.S. at 90–91.
(R. & R. at 11.)
[4] The State filed the direct complaint against Petitioner on May 23, 2013. (Doc. 65, Limited Answer to Am. Pet. ("Limited Answer"), Ex. A.)
[5] "Actual and substantial prejudice has resulted because of the delay, memories have faded so the petitioner has lost the ability to elicit evidence that has now been forgotten." (Am. Pet. at 6.)
[6] In his Objections, Petitioner's arguments concerning prejudicial delay are similarly vague. (*See* Obj. at 9.)

indictment delay is based upon the Due Process Clause." *Manning*, 56 F.3d at 1194 (citation omitted). The court engages three factors to determine whether pre-indictment delay may prevent prosecution: "(1) the actual prejudice to the defendant[;] (2) the length of the delay[;] and (3) the reason for the delay." *Id.* (citation omitted). Of the three factors, the first is most crucial. *See id*. (citation omitted). For the same reasons discussed with respect to Petitioner's speedy trial claim, the Court finds that Petitioner fails to demonstrate actual, nonspeculative prejudice as a result of pre-indictment delay. Because Petitioner fails to demonstrate the most important factor, the Court need not proceed with the remaining factors.

In his Objections, Petitioner additionally offers a bare assertion that the State violated his right to a "speedy appeal." (Obj. at 7–8.) The Court is unaware of a constitutional right to a speedy appeal. *Cf. Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016) ("Adverse consequences of postconviction delay, though subject to other checks . . . are similarly outside the purview of the Speedy Trial Clause.") (citation omitted). The Court treats this claim as waived. Petitioner's objections to Ground One are overruled, and the Report and Recommendation is adopted with respect to Ground One.

**B. Ground Two**

Petitioner alleges that the State committed prosecutorial misconduct in violation of the Fifth, Sixth, and Fourteenth Amendments. (Am Pet. at 7; R. & R. at 13.) Petitioner alleges that the "prosecutor and police department filed false charges and collaborated together to mislead the court and the jury into believing the 1991 chev. [sic] pickup was stolen." (Am. Pet. at 5; R. & R. at 13.) Petitioner, however, failed to raise the specific claim asserted in Ground Two on direct appeal or in his PCR proceedings. (Limited Answer, Exs. K–M, P, R.) A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state highest court in a procedurally

appropriate manner. *See Sullivan v. Boerckel*, 526 U.S. 838, 839–46 (1999). In Arizona, a petitioner must fairly present his claims to the state's direct appeal process or through appropriate post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The Magistrate Judge concluded that because Petitioner failed to fairly present his claim of prosecutorial misconduct, Petitioner's claim is considered procedurally defaulted. (R. & R. at 13 (citing Ariz. R. Crim. P. 32.2, 32.4(a)).)

A federal court may review the merits of a procedurally defaulted claim if the petitioner: (1) demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice," or (2) establishes "cause" for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). As the Report and Recommendation correctly states, Petitioner has not demonstrated a "fundamental miscarriage of justice" because Petitioner has failed to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Schlup*, 513 at 316. Because Petitioner has not offered "new reliable evidence" that was "not presented at trial," Petitioner has not demonstrated evidence of innocence to establish a miscarriage of justice. *Id.* at 324.

Petitioner attempts to establish "cause," arguing that his procedural default is excused under *Martinez v. Ryan*. *See* 566 U.S. 1, 9 (2012). Under *Martinez*, "cause" is established when: "(1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceedings in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citation omitted). In Ground Two, Petitioner does not allege ineffective assistance of counsel—Petitioner alleges that

the State committed prosecutorial misconduct. The *Martinez* exception, therefore, does not apply. Petitioner's prosecutorial misconduct claims are procedurally defaulted, his objections to these grounds are overruled, and the Report and Recommendation is adopted with respect to Ground Two.

**C. Ground Three**

Petitioner alleges that he received ineffective assistance of counsel because his counsel, among other things, "failed or deliberately did not introduce important documents" and exculpatory evidence, "did not object to prosecutorial misconduct," "did not object to almost all of the Petitioner's motions being denied," and "did absolutely nothing to help this Petitioner in his case." (Am. Pet. at 8; R. & R. at 15.) Although Petitioner presented a similar ineffective assistance claim in his PCR petition, he failed to file a petition for review to the appellate court. (Doc. 59, Status Report at 1; R. & R. at 16.)[7] The Magistrate Judge concluded that because Petitioner failed to fairly present his claim of ineffective assistance of counsel, Petitioner's claim is considered procedurally defaulted. (R. & R. at 16 (citing Ariz. R. Crim. P. 32.2, 32.4(a)).)

Petitioner argues, again, that his procedural default is excused under *Martinez*. Petitioner's argument, again, fails. As discussed above, the *Martinez* exception applies only to the ineffectiveness of post-conviction counsel in the initial post-conviction review proceeding. *Martinez* does not apply to Petitioner's ineffective assistance of counsel claim because his claim derives from an allegation of ineffective assistance of counsel at trial—not during post-conviction review proceedings. (Am. Pet. at 8; Reply to Answer at 8–13).[8] The Court agrees with the Report and Recommendation and finds that Petitioner has not demonstrated a substantial claim of ineffective assistance of trial counsel during

---

[7] The state court dismissed Petitioner's ineffective assistance of counsel claim, finding that while evidence of a Craigslist ad and a satellite image of the 1991 Chevrolet pickup truck would have supported Petitioner's testimony, there was no reasonable probability that the outcome of the case would have been different had those documents been presented to the jury. (Limited Answer, Ex. R at 2–3.)

[8] In his Objections, Petitioner alleges ineffective assistance of counsel during post-conviction relief proceedings. (Obj. at 9.) Yet the allegation lacks sufficient factual support to indicate that counsel's performance was deficient under prevailing professional standards, and that Petitioner suffered prejudice due to that deficient performance. *See Strickland v. Washington*, 466 U.S. at 691–92 (1984).

- 10 -

his post-conviction relief proceedings. *See Martinez*, 566 U.S. at 14. Petitioner's ineffective assistance of counsel claims are procedurally defaulted, his objections to Ground Three are overruled, and the Report and Recommendation is adopted with respect to Ground Three.

**D. Grounds Four and Five**

In Ground Four, Petitioner alleges that he was "prosecuted in a 'biased and unfair venue,'" because the judge overseeing his trial both trained prosecutors in Maricopa County and failed to sustain Petitioner's objections or grant Petitioner's motions. (Am. Pet. at 9; R. & R. at 18.) Petitioner alleges that he "cannot and will not get an impartial or unbiased decision from a Maricopa County Superior Court." (Am. Pet. at 9; R. & R. at 18–19.)[9] In Ground Five, Petitioner alleges that the grand jury process in his case violated Arizona Rule of Criminal Procedure Rule 12.2 because the grand jury was "unqualified/illegal." (Am. Pet. at 10; R. & R. at 19.) The Magistrate Judge determined that Petitioner's claims in Grounds Four and Five are not amenable to federal habeas review. (R. & R. at 19.) Under § 2254(a), the scope of federal habeas review is limited to challenges to state court judgments based on allegations of federal constitutional violations, laws, or treaties. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless—He is in custody in violation of the Constitution or law or treaties of the United States[.]"); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

The Court agrees with the Magistrate Judge that Petitioner's claims regarding venue and a defective grand jury process in violation of state law are not cognizable under § 2254(a). (R. & R. at 19–20.) Petitioner does not make a well-formed objection to the Magistrate Judge's conclusion with respect to Ground Five, only offering equivocal allegations about the unfairness of the grand jury process. (*See* Obj. at 5, 13.) Petitioner objects to the Magistrate Judge's conclusion with respect to Ground Four by making

---

[9] With respect to Ground Four, "Petitioner does not allege any violation of unfair venue based on prejudicial pretrial publicity." (R. & R. at 19.)

- 11 -

conclusory allegations about the judge overseeing his trial; namely, that he lacked "jurisdiction over any contested case in the State of Arizona," and his rulings were "erroneous" and "borderline incompetent." (*Id.* at 13.) The Court overrules Petitioner's objections to Ground Four, and the Report and Recommendation is adopted with respect to Grounds Four and Five.

## III. CONCLUSION

Having reviewed the record de novo, the Court adopts the Report and Recommendation and denies and dismisses the Amended Petition with prejudice. The Court agrees with the Magistrate Judge's conclusion that Ground One fails on the merits, Grounds Two and Three are procedurally defaulted, and Grounds Four and Five are not cognizable in federal habeas proceedings.

**IT IS ORDERED** overruling the Objections to the Magistrate Judge's Report and Recommendation (Doc. 80).

**IT IS FURTHER ORDERED** denying Petitioner's Request for an Evidentiary Hearing (Doc. 81).

**IT IS FUTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 77).

**IT IS FURTHER ORDERED** denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus with prejudice (Doc. 5).

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find that procedural ruling debatable.

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 10th day of October, 2018.

_____
Susan R. Bolton
United States District Judge